UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES C. DIMORA, | ) | |
| | ) | JUDGE SARA LIOI |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CRIMINAL CASE NO. 1:10CR387-01 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | CIVIL CASE NO. _____ |
| Respondent. | ) | |

**MOTION TO VACATE AND SET ASIDE JUDGMENT OF CONVICTION
UNDER 28 U.S.C. § 2255**

1. (a) Name and location of court which entered the judgment of conviction you are challenging: <u>U.S. District Court for the Northern District of Ohio</u>

    (b) Criminal docket or case number: <u>No. 1:10CR387-01</u>

2. (a) Date of the judgment of conviction: <u>August 1, 2012</u>

    (b) Date of sentencing: <u>July 30-31, 2012</u>

3. Length of sentence: <u>336 Months</u>

4. Nature of crime (all counts): <u>Conspiracy to Commit RICO (Count 1), Conspiracy to Commit Mail Fraud and Honest Services Mail Fraud (Counts 2, 9, 16), Hobbs Act Conspiracy (Counts 3, 12, 14, 21, 22, 24, 26), Hobbs Act (Counts 7, 8, 11, 13, 15, 20, 23, 25, 27), Conspiracy to Commit Bribery Concerning Programs Receiving Federal Funds (Counts 4, 17), Bribery Concerning Programs Receiving Federal Funds (Counts 5, 6, 18, 19), Conspiracy to Obstruct Justice (Count 28), Destruction/Alteration/Falsification of Records in Federal Investigations (Count 29), Filing False Tax Returns (Counts 34-37)</u>

5. What was your plea?   Not guilty <u>X</u>   Guilty _   Nolo contendere _

6. If you went to trial, what kind of trial did you have?   Jury <u>X</u>   Judge _

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes _   No <u>X</u>

8. Did you appeal from the judgment of conviction?   Yes <u>X</u>   No _

9. If you did appeal, answer the following:

(a) Name of court: U.S. Court of Appeals for the Sixth Circuit

(b) Docket or case number: 12-4004

(c) Result: Judgment affirmed in 2-1 decision

(d) Date of result: April 30, 2014

(e) Citation to the case: *United States v. Dimora*, 750 F.3d 619 (6th Cir. 2014)

(f) Grounds raised: (1) Exclusion of Dimora's ethics reports; (2) exclusion of alleged co-conspirator's ethics reports; (3) exclusion of "reverse 404(b)" evidence; (4) jury instructions defining bribery and lobbying; (5) jury instructions defining "official act"; (6) denial of judgment of acquittal on Counts 9, 11, 12 & 13

(g) Did you file a petition for certiorari in the U.S. Supreme Court? Yes X    No _

   (1) Docket or case number: 14-55

   (2) Result: Petition denied

   (3) Date of result: October 6, 2014

   (4) Citation to the case: *Dimora v. United States*, 135 S.Ct. 223 (2014)

   (5) Grounds raised: Harmless-error standard

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

    Yes _    No X

11. N/A

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. State the facts supporting each ground.

    **GROUND ONE:** In *McDonnell v. United States*, the Supreme Court held that an "official act" must involve a formal exercise of governmental power that is similar in nature to a lawsuit before a court, a determination before an agency, or a hearing before a committee. Here, the Court instructed the jury using an expansive definition of "official act" that conflicts with *McDonnell*. Relying on that instruction, the government repeatedly argued that actions were official acts that were not and urged the jury to convict on that basis. The error had a substantial and injurious influence in determining the verdict because it permitted the jury to convict based on lawful conduct, and the Court should therefore vacate and set aside the judgment of conviction on Counts 1-9, 11-27, and 34-37.

2

(a) Supporting facts: See attached memorandum in support

(b) If you appealed from the judgment of conviction, did you raise this issue?

  Yes X     No _

**GROUND TWO:** The Court improperly excluded Mr. Dimora's ethics reports, which would have refuted the government's misleading testimony that he concealed his receipt of the alleged bribes. Relying on the two errors together, the government argued that the jury should convict Mr. Dimora based on evidence showing a secret exchange (that was not actually secret) of things of value for official acts (that were not actually official acts). The cumulative prejudice of the two errors further warrants a new trial on Counts 1-9, 11-27, and 34-37.

(a) Supporting facts: See attached memorandum in support

(b) If you appealed from the judgment of conviction, did you raise this issue?

  Yes X     No _

13. Is there any ground in this motion that you have not previously presented in some federal court?  Yes _    No X

14. Do you have any motion, petition, or appeal now pending in any court for the judgment you are challenging?   Yes _    No X

15. Give the name and address, if known, of each attorney who represented you in the following stages of the case for the judgment you are challenging:

(a) At the arraignment and plea:

  9/15/10:   Richard G. Lillie
       Lillie & Holderman
       2003 St. Clair Avenue
       Cleveland, OH 44114

  4/8/11 (Superseding Indictment) & 9/14/11 (3rd Superseding Indictment):

       Andrea & William Whitaker
       William T. Whitaker Co., L.P.A.
       54 East Mill Street, Suite 301
       Akron OH 44308

(b) At the trial:   Andrea & William Whitaker

(c) At sentencing:   Andrea & William Whitaker

    (d) On appeal:        Christian Grostic
                                    Kushner, Hamed & Grostic Co., LPA
                                    1375 East Ninth Street, Suite 1930
                                    Cleveland, OH 44114

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court at the same time?  Yes X   No _

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes _   No X

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion: <u>See attached memorandum in support</u>

Therefore, Mr. Dimora requests that the Court vacate and set aside the judgment of conviction on Counts 1-9, 11-27, and 34-37, and grant any other relief to which he may be entitled.

                                                     Respectfully submitted,

                                                     /s/ Christian J. Grostic
                                                     Christian J. Grostic (0084734)
                                                     Kushner, Hamed & Grostic Co., LPA
                                                     One Cleveland Center
                                                     1375 Public Square, Suite 1930
                                                     Cleveland, OH 44114
                                                     Telephone:   216.696.6700
                                                     Facsimile:    216.696.6772
                                                     E-mail:         cgrostic@kushnerhamed.com

                                                   *Counsel for Petitioner James C. Dimora*

I declare under penalty of perjury that the foregoing is true and correct.

Signed on June 9, 2017                                                     James C. Dimora
                                                                  James C. Dimora