UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES C. DIMORA, ) | |
| ) | JUDGE SARA LIOI |
| Petitioner, ) | |
| ) | |
| v. ) | CRIMINAL CASE NO. 1:10CR387-01 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | CIVIL CASE NO. 1:17CV1288 |
| Respondent. ) | |

## MOTION FOR CERTIFICATE OF APPEALABILITY

Petitioner James C. Dimora ("Dimora") requests that the Court issue a certificate of appealability, pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, with regard to his § 2255 claims filed on June 20, 2017. These § 2255 claims seek to vacate convictions based on the Supreme Court's ruling in *McDonnell v. United States*, 136 S. Ct. 2355 (2016), and the cumulative prejudice from the Court's erroneous exclusion at trial of Mr. Dimora's ethics reports.

The standard for issuance of a certificate of appealability is not high. The petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c) (2). The Supreme Court has held this standard is met whenever "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

We submit this standard is met here. Whether Mr. Dimora was improperly convicted based on an incorrect statement of the law raises an important constitutional right. *See, e.g., McDonnell*, 136 S. Ct. at 2372 (finding conviction based on overbroad definition of official acts raises "significant constitutional concerns".) As the Supreme Court stated in *McDonnell*: "'In-

1

voking so shapeless a provision to condemn someone to prison" for up to 15 years raises the serious concern that the provision "does not comport with the Constitution's guarantee of due process.'" *Id.* at 2373 (quoting *Johnson v. United States*, 135 S. Ct. 2551, 2560 (2015)).

And we submit that the Court's 64-page decision rejecting his claims contains assessments that reasonable jurists would find, at the very least, debatable. Reasonable jurists may disagree regarding the meaning and application of the *McDonnell* decision, including with a trial court's assessment of the impact of an erroneous instruction on the jury verdict. *See, e.g., United States v. Fattah*, 902 F.3d 197, 241 (3d Cir. 2018) (reversing conviction and rejecting district court's finding that erroneous official act jury instructions was harmless error) ("Although the jury *might* not have concluded that Fattah's efforts were themselves official acts and although the jury *might* not have concluded that those efforts crossed the line into impermissible attempts 'to pressure or advise,' we are unable to conclude that the jury *necessarily* did so.") (emphasis in original). Jurists on the 6th Circuit Court of Appeals have already disagreed regarding whether this Court's exclusion at trial of Mr. Dimora's ethics report was grounds for reversal of his convictions. *See United States v. Dimora*, 750 F.3d 619, 632-33 (6th Cir. 2014) (Merritt, J., dissenting).

We respectfully submit that reasonable jurists might also disagree with the Court's assessment regarding whether Mr. Dimora's convictions should be vacated based, for example, on some or all of the following debatable issues:

1. Whether the jury instructions regarding official act were erroneous based on *McDonnell*;

2. Whether in denying Dimora's § 2255 motion the Court used the correct standard for determining harmless error;

3. Whether the Court correctly applied the harmless error standard to the record in this case;

4. How the government's repeated arguments to the jury that it should convict based on conduct that is not official acts under *McDonnell* affects the harmless error analysis;

5. The counts that were affected, if the jury instructions were erroneous under *McDonnell*;

6. Whether there was prejudicial spillover to other counts;

7. Whether the Court's erroneous exclusion of Dimora's ethics reports lead to cumulative error which warrants a new trial.

We recognize that the record in this case is substantial, that there was evidence introduced of official acts performed by Mr. Dimora, as well as conduct that was not official acts, which the Court has tried to distinguish. We also recognize that the parties argued extensively at trial regarding the definition of official acts to the Court and the jury, with the government advancing a definition of official acts broader than *McDonnell* permits. In our view, this underscores the importance of the issue at trial and the appropriateness of further review, particularly in light of the substantial sentence the Court imposed.

Wherefore, Petitioner Dimora respectfully requests that the Court issue a certificate of appealability.

> */s/ Philip S. Kushner*_____
> Philip S. Kushner (0043858)
> Michael R. Hamed (0069092)
> Kushner & Hamed Co., LPA
> 1375 East Ninth Street, Ste 1930
> Cleveland, OH 44114
> 216-696-6700/ 216-696-6772 (Fax)
> pkushner@kushnerhamed.com
> mhamed@kushnerhamed.com
> *Counsel for Petitioner James C. Dimora*

## **CERTIFICATE OF SERVICE**

A copy of the foregoing *Motion for Certificate of Appealability* was filed electronically this 31st day of October, 2018. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                         /s/ Philip S. Kushner
                                         *Counsel for Petitioner James C. Dimora*